UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CV-80214-Hurley-Hopkins**

IAGNES STOLTZ, an individual,

    Plaintiff,

vs.

COLLECTCORP CORPORATION,
a Delaware corporation,

    Defendant.
_____/

FILED by VT D.C.
ELECTRONIC

Feb. 20, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Iagnes Stoltz, an individual, sues Defendant, Collectcorp Corporation, a Delaware corporation, and alleges:

### INTRODUCTION

1. This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

### ALLEGATIONS AS TO PARTIES

3. At all times material hereto, Plaintiff, Iagnes Stoltz ("Ms. Stoltz") was *sui juris*

-1-

and a resident of Palm Beach County, Florida.

4. At all times material hereto, Defendant, Collectcorp Corporation ("Collectcorp"), was a Delaware corporation doing business in Palm County, Florida.

5. At all times material hereto, Collectcorp is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

6. All acts and omissions of any employee, agent or representative of Collectcorp were within the scope of the employment and authority of the employee, agent or representative were committed with actual, constructive or implied knowledge and consent of Collectcorp.

7. Collectcorp is properly subject to jurisdiction under the Florida Long Arm Jurisdiction Act by the performance of acts outside the State of Florida causing injury to persons within the state.

## *FACTUAL ALLEGATIONS*

8. Several years prior to the filing of the instant action, Ms. Stoltz opened a revolving line of credit known more commonly as a "credit card account" ("Charge Account") with Amtrust Bank Mastercard ("Amtrust Bank") for her personal and household use.

9. As a result of the passage of many years since the opening of the Charge Account, Ms. Stoltz does not have in her possession, custody and/or control any documentation with respect to the opening of the Charge Account with Amtrust Bank.

10. On or about October, 2008, Amtrust Bank or its assignee retained or caused to be retained Collectcorp for the purposes of collecting monies purportedly owed under the Charge Account.

11. On or about October 21, 2008, Collectcorp sent or caused to be sent to Ms. Stoltz

a written communication known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies purportedly owed under the Charge Account ("Initial Collection Communication").

12. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A."

13. By information and belief, the Initial Collection Communication was the first written communication by Collectcorp to Ms. Stoltz with respect to the collection of the Charge Account.

14. Pursuant to the Initial Collection Communication, Collectcorp represented the following with respect to the Charge Account:

The following is a breakdown of the account as of today's date:

    Principal        $14,098.53

    Interest         $0000000.00

    Rate            00000.00

    Balance Owing  $14,098.53

("Account Breakdown Representation").

15. By information and belief, through the Account Breakdown Representation, Collectcorp made a false, deceptive or misleading representation with respect to the monies purportedly owed by Ms. Stoltz to Amtrust Bank under the Charge Account. In particular, by information and belief, Collectcorp made a false, deceptive or misleading representation with respect to:

- the principal amount, which by information and belief, included accrued and

-3-

a written communication known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies purportedly owed under the Charge Account ("Initial Collection Communication").

12. A true and correct copy of the Initial Collection Communication is attached hereto and incorporated herein by reference as Exhibit "A."

13. By information and belief, the Initial Collection Communication was the first written communication by Collectcorp to Ms. Stoltz with respect to the collection of the Charge Account.

14. Pursuant to the Initial Collection Communication, Collectcorp represented the following with respect to the Charge Account:

The following is a breakdown of the account as of today's date:

    Principal        $14,098.53

    Interest         $0000000.00

    Rate            00000.00

    Balance Owing  $14,098.53

("Account Breakdown Representation").

15. By information and belief, through the Account Breakdown Representation, Collectcorp made a false, deceptive or misleading representation with respect to the monies purportedly owed by Ms. Stoltz to Amtrust Bank under the Charge Account. In particular, by information and belief, Collectcorp made a false, deceptive or misleading representation with respect to:

- the principal amount, which by information and belief, included accrued and

-3-

unpaid interest which should not be properly characterized as "principal"

- that no accrued interest was owed, when by information and belief, interest had accrued on the outstanding principal under the Charge Account

- that Amtrust Bank or its assignee was not charging interest on the Charge Account, when by information and belief, an interest rate was in fact applied or would be applied to the principal indebtedness under the Charge Account by either Amtrust Bank or its assignee pursuant to statutory or contractual authority

16. Subsequent to the transmission of the Initial Collection Communication, Collectcorp, through various individual collection employees commenced a series of telephone calls to the place of residence of Ms. Stoltz at 1852 Wisteria Street, Wellington, Florida 33414-8609 ("Stoltz Residence") for the purpose of attempting to collect the Charge Account.

17. The following is a transcript of the several messages left on the answering machine at the Stoltz Residence by Collectcorp:

#1
[unintelligible] .. I'm calling you on October 30 [unintelligible] case no. 73468171. I need to discuss this matter with you immediately at 800-243-7167 at extension 7220, case no. 73468171.

#2
This message is intended for Iagnes Stoltz. My name is Dustin Schissler. Today is the 3rd of November calling in regards to an important business matter in my office here that needs your immediate attention. You can contact my office within the next 24 hours so can discuss some options available while they still are available for you, ok? 1-800-243-7167 extension 7230. When calling use reference number 73468171. I will be in the office today until 5 pm CST.

#3
[unintelligible] Good morning my name is Holly, I'm calling in reference to a personal business matter that requires your immediate attention. Federal law requires I tell you this call is being recorded as proof of notification in case

-4-

number 73468171. [unintelligible] we need a return call within 24 hours at 1-800-243-7167. My extension is 7216. This matter is not going to go away, unfortunately, it's going to get continually worse; however, if you return my call I am willing to work with you in your situation [unintelligible] together we can form some kind of solution to discuss your options. Otherwise, if you don't return my calls [unintelligible]

#4
Good morning. This message is for Iagnes. Iagnes, my name is Holly. I'm calling you in regards to a personal business matter that requires your immediate attention. I'm calling to figure out what's going on with your situation. Give me a call 1-800-243-7167. My extension is 7216. And your reference number is 73468171.

#5
Good morning Iagnes. My name is Holly and I'm calling you back regarding a personal business matter. This matter is not going to go away. I can't stress how important it is that you contact me. This matter is extremely time-sensitive. A solution is going to be rendered on your behalf unless you contact me and we discuss your options. This is a personal business matter and again, it requires your immediate attention. Please call [unintelligible] your case number is 73468171. I have some options for your case here but in order to discuss them I need you to contact me back so we can figure our some kind of way to get through with it. Please give me a return call at 1-800-243-7167. My extension is 7216. Like I said, this matter is not going to go away and it is going to get continually worse and a solution will be rendered on your behalf if you do not contact me back. I can't stress how important it is that I speak with you.

#6
This message is for Iagnes Stoltz. My name is Charmellis [ph]. Today is October 30. I need to speak with you at 800-243-7167 extension 7220, case number 73468171. Thank you.

#7
This message is intended for Iagnes Stoltz. This is Dustin Schissler calling. Today's date is the 3rd of November calling you in regards to an important business matter in my office here that does need your immediate attention. I need you to call me back within the next 24 hours so we can discuss some options while they are still available for you. 1-800-243-7167 extension 7230. When calling back use reference number 73468171.

#8
[unintelligible] ... situation. Can you give me a call 1-800-243-7167. My

-5-

extension is 72167. And your reference number is 7346817

("Answering Machine Messages").

18. The tape recording of the Answering Machine Messages will be available for review by Collectcorp or its counsel at the Law Offices of Robert W. Murphy, Esquire, upon reasonable request.

19. The representation that "federal law" required notification of taping by collectors was false, misleading and deceptive as "federal law" does not so require.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

20. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

21. Ms. Stoltz realleges and reaffirms the allegations contained in Paragraphs 1 through 19 above as if set forth hereat in full.

22. At all times material hereto, Ms. Stoltz was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

23. At all times material hereto, Amtrust Bank was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

24. At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

25. At all times material hereto, Collectcorp was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

26. As more particularly described above, Collectcorp has violated the FDCPA in that

-6-

Collectcorp has:

(a) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(b) placed telephone calls without meaningful disclosure of the caller's identity in contravention of 15 U.S.C. §1692d(6);

(c) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

(d) used false representations of the character, amount or legal status of the debt represented by the Charge Account in contravention of 15 U.S.C. §1692e(2)(A);

(e) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(f) failed to disclose in communications subsequent to the initial communication with Ms. Stoltz that the communication is from a debt collector in contravention of 15 U.S.C.§1692e(11).

27. 15 U.S.C. §1692g provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

> Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
>
> (a) The amount of the debt;
>
> (b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Collectcorp violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Stoltz with a notice of validation rights as required by the FDCPA.

29. As a direct and proximate result of the violation of the FDCPA by Collectcorp, Ms. Stoltz has been damaged. The damages of Ms. Stoltz include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

30. Pursuant to 15 U.S.C. §1692k, Ms. Stoltz is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

31. Ms. Stoltz has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Iagnes Stoltz, an individual, demands judgment against Defendant, Collectcorp Corporation, a Delaware corporation, for actual and statutory damages,

together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Iagnes Stoltz, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com

Dept. 4947A
Birmingham, AL 35210-1928



COLLECTCORP

4 - 15974-21
Iagnes P Stoltz
1852 Wisteria St
Wellington, FL 33414-8609

October 21, 2008

Re: Bank Of America - Pre Prime Ae72
Account Number: 5490998997260329
Reference #: 71-073468171

Your account has been placed with Collectcorp Corporation for collection.

The following is a breakdown of the account as of today's date:

Principal        $14,098.53
Interest         $0000000.00
Rate             00000.00
Balance Owing    $14,098.53

Please contact the Manager at (800) 243-7167 to discuss this matter further.

Yours truly,
COLLECTCORP CORPORATION

Collection Manager



EXHIBIT A

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.
Collectcorp Corporation * 455 North 3rd Street, Suite 260 * Phoenix, AZ 85004 * (800) 678-3052
Our hours of operation are: Mon - Thu 8:00am to 9:00pm MT, Fri 8:00am to 5:00pm MT & Sat 8:00am to 2:00pm MT

10920405

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Iagnes Stoltz, an individual

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Fort Lauderdale, FL 33316-1808    (954)763-8660

### DEFENDANTS
Collectcorp Corporation, a Delaware corporation

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known): 9:09CV 80214-Hurley-Hopkins

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ■ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Violation of 15 U.S.C. §1692 et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via __2__ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE 2/20/09

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 545530